**BURCH & CRACCHIOLO, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 1700
PHOENIX, AZ 85004
TELEPHONE 602.274.7611

John Dean Curtis II, SBA #019726
jcurtis@bcattorneys.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tara King, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Nexa Mortgage, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Tara King (hereinafter "Plaintiff"), by and through the undersigned counsel, brings this Complaint against Defendant Nexa Mortgage, LLC due to Defendant's failure to pay Plaintiff overtime compensation, alleging as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. Plaintiff brings this action under the FLSA due to Defendant's failure to pay Plaintiff overtime compensation at no less than one and one-half times their regular rate of pay in direct violation of the FLSA.

3. Defendant has willfully and intentionally committed violations of the above-described federal wage and hour statutes and regulations, in the manner described herein.

4. Specifically, Defendant's wage and hour violations are as follows:

      a.      Misclassifying the position of Loan Mortgage Assistant as exempt from overtime; and

      b.      Failing to pay Plaintiff, as a Loan Mortgage Assistant, overtime at no less than one and one-half times of her regular rate of pay for hours worked in excess of 40 per week.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

7. Defendant, Nexa Mortgage, LLC, is a corporation organized and existing under the laws of the State of Arizona in the County of Maricopa.

8. Defendant is also authorized to do business in the State of Florida and Plaintiff is a resident of and worked for Defendant solely in that state.

## PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA

9. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of FLSA.

13. At all times material hereto, Defendant was an "enterprise engaged in

2

commerce" within the meaning of FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

**FACTUAL ALLEGATIONS**

16. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

17. Defendant is in the business of facilitating the origination of mortgage in multiple states in the United States. As part of its operations, it retains persons referred to as "Loan Mortgage Officers," who are required to be licensed to facilitate loans within the state in which they operate.

18. Those Loan Mortgage Officers, in turn, retain persons to assist them as Loan Mortgage Assistants, such as Plaintiff.

19. These Loan Mortgage Assistants sign a contract with Nexa Mortgage and are paid as W-2 employees by Nexa Mortgage.

20. The Loan Mortgage Assistants primarily call "leads" generated by the Loan Mortgage Officer and collect paperwork from potential borrowers that they feed into the Automated Underwriting System ("AUS").

21. The AUS will then determine whether the potential borrower is qualified pursuant to its pre-set algorithm.

22. Plaintiff was employed by Defendant as a Loan Mortgage Assistant from approximately March 2022 to February 2023.

23. She worked for Defendant in the State of Florida.

24. While working as a Loan Mortgage Assistant for Defendant, Plaintiff had no independent ability to decide what paperwork is needed and/or whether the potential borrower is qualified for a loan. She did not operate independently or use her own discretion or decision-making process.

3

25. Plaintiff, as a Loan Mortgage Assistant for Defendant, did not manage or supervise other workers.

26. As a Loan Mortgage Assistant, Defendant paid Plaintiff a salary, treating her as if she were exempt from the overtime provisions of the FLSA, despite the fact that she was not exempt.

27. While working for Defendant, Plaintiff worked at least 50 hours per week, and often more.

28. However, she was not paid at a rate of pay of one and one-half times her regular rate of pay for the time she spent working in excess of 40 per week.

29. Despite Defendant's treatment of her as exempt under the FLSA, as a Loan Mortgage Assistant, Plaintiff did not fall within any of the exemptions to the overtime provisions of the FLSA.

30. In February 2023, Plaintiff submitted her two-week notice to Defendant. She worked a full day on February 20, 2023.

31. The next day, Defendant told her to not return to work and that it would consider February 20, 2023 her last day of work.

32. Plaintiff's paycheck for the pay period ending prior to her last day of work was supposed to be paid on March 10, 2023.

33. However, Plaintiff was not paid on her regularly scheduled pay date.

34. After weeks of following up with Defendant, she was finally paid late, with multiple unauthorized deductions taken from her pay.

35. To date, Plaintiff has not been paid for her final day of work.

36. Defendant has implemented a policy and practice of requiring its Loan Mortgage Assistants to work overtime without premium pay.

37. At all relevant times herein, Defendant maintained control, oversight, and direction over Plaintiff, including the promulgation and enforcement of policies affecting the payment of wages.

38. Defendant was required by law to record the hours worked by Plaintiff.

39. Defendant has, or should have, records sufficient to permit a calculation of the hours worked and the overtime underpayments for Plaintiff.

40. At all relevant times, Plaintiff worked in the manner described above and Defendant encouraged, instructed, and required them to work in such manner.

41. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administration. regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor.

42. Defendant's violations of the above-described federal wage and hour statutes and regulations were/are willful, arbitrary, unreasonable and/or in bad faith.

## CAUSES OF ACTION

43. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

44. Defendant misclassified Plaintiff as exempt from overtime.

45. Plaintiff was required by Defendant to regularly work overtime.

46. Plaintiff's job duties as a Loan Mortgage Assistant for Defendant did not fall under any exemption of or exception to the FLSA.

47. Defendant failed to compensate Plaintiff at the proper overtime rate of pay for all hours worked in excess of 40 per week, in violation of the FLSA.

48. Defendant's policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

49. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

50. As a result of the foregoing, Plaintiff was illegally deprived of overtime compensation, in such amounts to be determined at trial, and she is entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to the FLSA.

…

**COUNT II: INDIVIDUAL CLAIM FOR UNPAID MINIMUM WAGES PURSUANT TO THE FLSA**

51. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

52. Plaintiff worked for Defendant for 8 hours on her last day of work.

53. To date, Plaintiff has not been paid at all for these hours of work.

54. Under the FLSA, she is entitled to be paid the federal minimum wage for each hour that she worked on her final day.

55. Defendant's failure to issue her this pay is in blatant violation of the FLSA, and she is entitled to recover her unpaid minimum wages, an equal amount as liquidated damages and attorneys' fees and cost.

**COUNT III: INDIVIDUAL CLAIM FOR VIOLATION OF FLORIDA'S WAGE PAYMENT ACT**

56. Plaintiff worked for Defendant in the State of Florida and Defendant is subject to the employment and wage payment rules of that state.

57. In addition to the unpaid minimum wages owed to her under the law, Defendant has failed to pay Plaintiff funds in excess of the minimum wage that she is owed in that it took unlawful deductions from her final paycheck.

58. Despite repeated requests for payment, Defendant has refused to pay these funds.

59. Plaintiff is entitled to recover her unpaid wages, plus attorneys' fees and costs pursuant to Florida Statute 448.08.

**JURY DEMAND**

60. Plaintiff requests a trial by jury on all claims so triable.

**ATTORNEYS' FEES**

61. The name Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the FLSA Collective Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

6

**CONSENT**

62. The named Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all other hourly employees, prays for declaratory relief and damages as follows:

1. A declaratory judgment that Defendant's wage policy and practice alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

2. Judgment for damages for all unpaid overtime compensation owed to plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

3. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff;

4. An order directing Defendant to pay Plaintiff reasonable attorney's fees and all costs connected with this action;

5. Damages for Plaintiff's individual claim for unpaid minimum wages, plus an equal amount as liquidated damages and attorneys' fees and costs;

6. Damages for Plaintiff's individual claim for unpaid wages under Florida law;

7. Judgment for any and all civil penalties to which Plaintiff may be entitled; and

8. Such other and further relief as this Court may deem necessary, just and proper.

…

…

…

Dated this 17th day of April, 2024.

**BURCH & CRACCHIOLO, P.A.**

By *s/ John Dean Curtis II*
John Dean Curtis
1850 North Central Avenue, Suite 1700
Phoenix, AZ 85004
***Attorneys for Plaintiff***